# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 17-1462V
### Filed: July 10, 2019
UNPUBLISHED

|  |  |
|---|---|
| APRIL J. BARR,<br><br>                              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                              Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs; Attorney-<br>Spouse; Attorney-Client relationship. |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 6, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after an influenza ("flu") vaccination administered on November 5, 2014. Petition at 1. On March 8, 2019, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 41.

On April 3, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 45. Petitioner requests attorneys' fees in the amount of $32,505.80 and attorneys' costs

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

in the amount of $215.87. *Id.* at 1. Petitioner also requests attorney's fees and costs in the amount of $3,255.00, incurred by her prior counsel Thomas M. Barr & Associates. *Id.* at 2. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $35,976.67.

On April 15, 2019, respondent filed a response to petitioner's motion. ECF No. 46. Respondent argued that "[u]pon information and belief, Mr. Barr is petitioner's husband. Mr. Barr has failed to establish an entitlement to fees as a legal matter." *Id.* at 1. In addition, respondent stated that "Mr. Barr's activities for which he billed predominantly appear related to a civil lawsuit." *Id.* at 2. Respondent objected to the entirety of the request for fees for Thomas M. Barr & Associates. Regarding the fees requested for Alison H. Haskins, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 3. Respondent "respectfully requests that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4.

On April 22, 2019, petitioner filed a reply. ECF No. 47. Petitioner disputes respondent's position of having no role in resolving attorneys' fees and costs and further reiterates the view that the requested attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of requested fees to be appropriate for the reasons listed below.

## I.      Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent, and without providing a petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.   Attorney Fees

A. Maglio Christopher & Toale, PA

i. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *Sabella*, 86 Fed. Cl. at 209.

Billing records show that four attorneys and four paralegals billed time in this matter, with some billing less than one hour. This resulted in multiple reviews of the same records, orders and updating the same entries on files. For example, the attorneys and the paralegals list 26 separate entries as reviewing court notifications of filings and updating file entries and deadlines, for a total of 3.6 hours of time. The undersigned reduces the request for attorney's fees by **$312.60**[3], the total of the duplicated entries at the paralegal rates.

B. Thomas M. Barr & Associates

The undersigned finds that there is a legal basis for awarding fees to petitioner's prior counsel, Thomas M. Barr & Associates. The parties do not dispute that Mr. Barr, who served as petitioner's initial attorney of record, is her husband. Respondent argues that "[a] petitioner's family member – and especially a spouse – is generally not entitled to recover fees for services under the Vaccine Act." Respondent's Response at 1-2. However, there is no blanket prohibition barring the payment of attorneys' fees to a petitioner's relative; instead, an "important consideration to the special master in evaluating [a request for attorneys' fees]" is whether there is evidence of an attorney-

---

[3] This amount consists of (1.8 hrs x $148 = $266.40) + (0.3 hrs x $154 = $46.20) = $312.60.

client relationship.  *Underwood v. Sec'y of Health & Human Servs*., No. 00-357V, 2013 WL 3157525 at *2 (Fed. Cl. Spec. Mstr. May 31, 2013).

Although petitioner has not produced a retainer agreement or an agreement for representation, billing records provide some evidence of an attorney-client relationship. In addition, Mr. Barr filed petitioner's claim with the court and appeared as petitioner's initial counsel of record.  Therefore, Mr. Barr will be awarded fees for editing and filing the petition, exhibit preparation, and other matters related to this case from May 25, 2017 until November 15, 2017.

Mr. Barr will not be awarded attorneys' fees for researching, preparing, and performing other activities related to petitioner's civil lawsuit.  This work was performed from October 21, 2016 through May 22, 2017.  The billing records indicate that Mr. Barr also billed for activities related to petitioner's civil case on August 10, September 11, and September 13, 2017.  As noted by respondent, "[u]nder the Vaccine Act, an award for attorneys' fees must be incurred while "proceeding on [the Vaccine Act] petition [in question]."  Respondent's Response at 2 (citing 42 U.S.C. §300aa – 15(e))1)).  Therefore, the undersigned reduces the request for attorneys' fees by **$1,305.00**, the amount billed for activities related to petitioner's civil lawsuit.

### III.   Attorney Costs

A.   Maglio Christopher & Toale, PA

Petitioner requests reimbursement for attorney costs incurred by Maglio Christopher & Toale, PA, in the amount of $215.87. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

B.   Thomas M. Barr & Associates

Petitioner also requests reimbursement for attorney costs incurred by Thomas M. Barr & Associates in the amount of $400.00.  After reviewing petitioner's invoice, the undersigned finds no cause to reduce petitioner's request and awards the full amount of attorney costs sought.

### IV.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total fees and costs in the amount of $34,359.07.**[4]

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.

- **$32,409.07 is awarded in the form of a check jointly payable to petitioner and petitioner's counsel Alison H. Haskins.**

- **$1,950.00 is awarded in the form of a check jointly payable to petitioner and petitioner's previous counsel Thomas M. Barr & Associates.**

- **Petitioner requests that both checks be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.